[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 14, 1994 Date of Application: July 14, 1994 Date Application Filed: July 14, 1994 Date of Decision: April 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Numbers CR93-443024 and CR93-450838.
Carmine Giuliano, Esq, Defense Counsel, for Petitioner.
Carl E. Taylor, Esq, Assistant State's Attorney, for the State.
BY THE DIVISION:
After a plea of guilty, petitioner was convicted of the crime of carrying a pistol without a permit in violation of General Statutes § 29-35 and sale of narcotics in violation of § 21a-277 (a). As a result of such conviction, a sentence of five years was imposed on the first charge and a concurrent sentence of six and a-half years was imposed on the second charge. The total effective sentence was six and one-half years.
The facts indicate that petitioner's conviction resulted from two separate drug-related incidents. The first incident involved his threatening a 47-year-old man with a pistol. When petitioner was arrested for this offense and was found with a .32 caliber handgun in his pants pocket. The second charge involved an arrest resulting from petitioner's sale of cocaine to an undercover police officer in his home.
Petitioner's attorney requested a reduction in sentence. He CT Page 5701 pointed out that petitioner was 17 years of age at the time of his arrest on these charges. He was from a dysfunctional family in which his father was a substance abuser who had a long period of incarceration. Petitioner was raised by his mother principally in New York City in a high crime area. It was also noted that petitioner's mother was a co-defendant and was also arrested for selling narcotics from the home. The attorney agreed that petitioner had committed the offenses, but that he should have received consideration considering his background and the fact that he himself was addicted to narcotics at the time.
The attorney pointed out that petitioner accepted responsibility for his acts and should receive some additional consideration because of his unfortunate background. The attorney argued that prison should be reserved for more serious violent criminal offenders.
Speaking on his own behalf, petitioner admitted that he did wrong but that he had grown up in poverty and had been exposed to drugs in his youth. He was sorry for the situation and requested a reduction in sentence.
The state's attorney argued against any reduction. The state's attorney pointed out that petitioner had sold cocaine to an undercover agent while he was on probation from the state of New York. His lack of cooperation on probation was a factor which should be considered according to the state's attorney. The attorney also stressed that petitioner was armed with a .32 caliber pistol and that a dope dealer with a loaded gun constituted a danger to society.
In imposing sentence, the court considered as an aggravating factor that petitioner was on probation from New York at the time he was selling cocaine in Connecticut. The court also commented on the dangerous conduct engaged in by petitioner when he used a loaded weapon to force a citizen out of a telephone booth so that he could use the telephone for a drug transaction. The court also considered petitioner's age and potential for the future and imposed a sentence less than the maximum allowed under the plea agreement.
Considering the nature of the offenses committed by petitioner, particularly the use of the firearm and the need to protect the public from such conduct and to deter petitioner and others from engaging in such crimes, it cannot be found that the CT Page 5702 sentence imposed was inappropriate or disproportionate. The sentence should not be modified.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J., and Norko, J. participated in this decision.